UNITED STATES OF AMERICA
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

———————————————————— )
MOUNT HOPE CHURCH,                              )
                                                )    Case Number: 1:09-cv-427
            Plaintiff,                          )    Hon. Robert Holmes Bell
                                                )
-vs-                                            )
                                                )
BASH BACK!; BASH BACK! LANSING;                 )
GINA ELEYNA WERTZ; KRISTY                       )
ELIZABETH BOUSQUET; AMY                         )
MICHELLE FIELD; JASON DAVID                     )
HATZ; CAILIN ELIZABETH MAJOR;                   )
WENDY RENAE DEBNAR; MICHELE                     )
NICOLE TROUTMAN; SAMUEL D.                      )
KREUGER; NATHAN JAMES KELLER;                   )
ANTON BOLLEN; DEVIN SCOTT                       )
MERGET; DANIEL A. REGENSCHEIT;                  )
RYAN LEVITT; ALLISON MARGARET                   )
PENNINGS; JOHN DOES 1-20,                       )
                                                )
            Defendants.                         )
———————————————————— )

Michael S. Mahoney (P71428)              Kevin Theriot
Karl A. H. Bohnhoff (P10957)             Dale Schowengerdt
BOHNHOFF & MAHONEY, PLC                   Alliance Defense Fund
Attorneys for Defendant Nathan James Keller   Attorneys for Plaintiff
912 Centennial Way, Suite 320            15100 North 90th Street
Lansing, MI 48917                        Scottsdale, AZ 85260
Tel:    (517) 323-4410                   Tel:    (480) 444-0020
Fax:    (517) 323-4503                   Fax:    (480) 444-0028
Email:  sfreed@bohnhofflawoffice.com     Email:  dschowengerdt@talladf.org

---

**DEFENDANT NATHAN JAMES KELLER'S ANSWER TO PLAINTIFF'S COMPLAINT
FOR PERMANENT INJUNCTION AND DAMAGES AND JURY DEMAND**

---

**NOW COMES** the Defendant, NATHAN JAMES KELLER, individually by and through his attorneys, BOHNHOFF & MAHONEY, PLC and pursuant to Fed. R. Civ. P. 8(b) and LCivR 8.2 hereby makes answer to the Plaintiff's Complaint for Permanent Injunction and Damages (hereinafter the "Complaint") as follows:

**1.    This action arises from Defendants' illegal conduct on Church premises during the Church's Sunday morning services on November 9, 2008.  Defendants intentionally acted and appeared in a threatening manner and physically obstructed not only traffic entering the Church parking lot, but access to the church building itself.  Defendants' conduct caused Church members to be intimidated and interfered with in their exercise of the First Amendment right to religious freedom in a place of worship.**

ANSWER:  In response to paragraph one (1) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**2.    Defendants' threatening conduct violated the Church's civil rights under the federal Freedom of Access to Clinic Entrances Act ("FACE"),  18 U.S.C. § 248, which protects the exercise of the First Amendment right to religious freedom at a place of worship from intimidation or interference as result of either threat of force or physical obstruction.**

ANSWER:  In response to paragraph two (2) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**3.   The Church seeks permanent injunctive relief and both compensatory and punitive damages, all of which it is authorized to receive under FACE.**

ANSWER:   In response to paragraph three (3) of the Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies the allegation(s) contained therein for the reason that said allegation(s) constitute conclusions of law for which no answer is required.

## JURISDICTION AND VENUE

**4.   The Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331, as this civil action arises under the laws of the United States.  The Court also has subject matter jurisdiction under 28 U.S.C. § 1343(a)(4), as this civil action seeks to recover damages and equitable relief under an Act of Congress providing for the protection of civil rights.**

ANSWER:  In response to paragraph four (4) of the Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies the allegation(s) contained therein for the reason that said allegation(s) constitute conclusions of law for which no answer is required.

**5.   This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a).**

ANSWER:  In response to paragraph five (5) of the Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies the allegation(s) contained therein for the reason that said allegation(s) constitute conclusions of law for which no answer is required.

**6.   Venue is proper in the United States District Court for the Western District of Michigan under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred within the district.**

ANSWER:  In response to paragraph six (6) of the Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies the allegation(s) contained therein for the reason that said allegation(s) constitute conclusions of law for which no answer is required.

**7.  The Court has personal jurisdiction over the out-of-state defendants under the Michigan Long-Arm statute, MCL § 600.705(2).**

ANSWER:  In response to paragraph seven (7) of the Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies the allegation(s) contained therein for the reason that said allegation(s) constitute conclusions of law for which no answer is required.

PARTIES

**8.  Plaintiff Mount Hope Church and International Outreach Ministries is a tax-exempt Michigan ecclesiastical corporation organized for religious, charitable, and educational purposes.  The Church is located in Delta Township near Lansing, Michigan, and is authorized to bring suit under 18 U.S.C. § (c)(1)(A).**

ANSWER:  In response to paragraph eight (8) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**9.  Defendant Bash Back! is the national organization of which Bash Back! Lansing is a chapter.  On information and belief, Bash Back! is located in Chicago, Illinois.  Bash Back! requires its members to agree to certain criteria for membership and provides a website to act as an information clearinghouse and recruitment tool for its chapters.**

ANSWER:  In response to paragraph nine (9) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or

information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**10. Defendant Bash Back! Lansing is the local chapter of the national Bash Back! organization. On information and belief, Bash Back Lansing conspired with Bash Back! to both plan and execute the disruption at the Church. Bash Back! Lansing also requires its members to adhere to certain membership criteria and operates a webpage to act as a recruiting tool for its chapter.**

ANSWER: In response to paragraph ten (10) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**11. Defendant Gina Eleyna Wertz, born 01/14/1987, is a resident of Evansville, Indiana, and participated with the other Defendants in the illegal conduct at the Church. Ms. Wertz also provided transportation for the Defendants to and from the Church, driving a vehicle with Indiana registration 505LKC.**

ANSWER: In response to paragraph eleven (11) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**12. Defendant Kristy Elizabeth Bousequet, born 08/12/1982, is a resident of Lansing, Michigan, and participated with the other Defendants in the illegal conduct at the Church.**

ANSWER: In response to paragraph twelve (12) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or

information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**13. Defendant Amy "Andy" Michelle Field, born 10/29/1983, is a resident of Lansing, Michigan, and participated with the other Defendants in the illegal conduct at the Church.**

ANSWER:   In response to paragraph thirteen (13) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**14. Defendant Jason David Hatz, born 04/06/1987, is a resident of Lansing, Michigan, and participated with the other Defendants in the illegal conduct at the Church.**

ANSWER:   In response to paragraph fourteen (14) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**15. Defendant Cailin Elizabeth Major, born 06/17/1985, is a resident of Milwaukee, Wisconsin, and participated with the other Defendants in the illegal conduct at the Church.**

ANSWER:  In response to paragraph fifteen (15) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**16. Defendant Wendy Renae Debnar, born 02/17/1985, is a resident of Lansing, Michigan, and participated with the other Defendants in the illegal conduct at the Church.**

**She also provided transportation for the Defendants at to and from the Church, driving a vehicle with Michigan registration 90HGU.**

ANSWER:  In response to paragraph sixteen (16) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**17. Defendant Michele "Tyler" Nicole Troutman, born 05/31/1984, is a resident of Lansing, Michigan, and participated with the other Defendants in the illegal conduct at the Church.**

ANSWER:   In response to paragraph seventeen (17) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**18. Defendant Samuel D. Krueger, born 09/18/1989, is a resident of Milwaukee, Wisconsin, and participated with the other Defendants in the illegal conduct at the Church.**

ANSWER:   In response to paragraph eighteen (18) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**19. Defendant Nathan James Keller, born 10/30/1989, is a resident of Okemos, Michigan, and participated with the other Defendants in the illegal conduct at the Church. He also provided transportation for the Defendants to and from the Church, driving a vehicle with Michigan registration 0CGT60.**

ANSWER:  In response to paragraph nineteen (19) of the Plaintiff's Complaint Defendant Nathan James Keller admits to being born on October 30, 1989 and residing in Okemos, Michigan; but, denied as being untrue the remainder of the Plaintiff's allegations set forth in paragraph nineteen (19) of the Plaintiff's Complaint and leaves the Plaintiff to its proofs.

**20. Defendant Anton Bollen, born 10/13/1984, is a resident of Lansing, Michigan and participated with the other Defendants in the illegal conduct at the Church.  He also provided transportation for Defendants to and from the Church, driving a vehicle with Michigan registration BPD7482.**

ANSWER:  In response to paragraph twenty (20) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**21. Defendant Devin Scott Merget, born 05/11/1990, is a resident of Slinger, Wisconsin, and participated with the other Defendants in the illegal conduct at the Church.**

ANSWER:  In response to paragraph twenty-one (21) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**22. Defendant Daniel A. Regenscheit is a resident of Chicago, Illinois, and used or allowed his vehicle, Illinois registration G696304, to be used for transportation of the Defendants to and from the Church and participated with the other Defendants in the illegal conduct at the Church.**

ANSWER:  In response to paragraph twenty-two (22) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**23. Defendant Allison Margaret Pennings is a resident of Lansing, Michigan, and participated with the other Defendants in the illegal conduct at the Church.**

ANSWER:  In response to paragraph twenty-three (23) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**24. Defendants John Does 1-20 are alleged to have been involved in the advertising, planning, support, coordination, and execution of the event at the Church and will be specifically named as Defendants when their true identities are ascertained.**

ANSWER:  In response to paragraph twenty-four (24) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

## FACTS

**25. Mount Hope Church of Lansing Michigan attracts roughly 2,000 people each Sunday to its services.  Its 11:30 service is one of its most popular services, with over 700 people in attendance.**

ANSWER:  In response to paragraph twenty-five (25) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without

knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**26. Each service includes religious teaching, prayer, and singing.  Members and visitors attend these services in order to participate in those religious activities.**

ANSWER:  In response to paragraph twenty-six (26) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**27. Bash Back! is a self-described "radical" organization of individuals with chapters nationwide.**

ANSWER:  In response to paragraph twenty-seven (27) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**28. Bash Back! mandates that all of its chapters agree to four points in order to become recognized.  The membership agreement requires "[a] rejection of…all forms of State power," willingness to "[f]ight for liberation" and "[a]ctively oppose oppression," and recognition that a chapter cannot "solely condemn an action on the grounds that the State deems it to be illegal."**

ANSWER:  In response to paragraph twenty-eight (28) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**29. Bash Back! runs a website, Bash Back! News, that is used to disseminate information nationwide and internationally about its chapters' activities.**

ANSWER:  In response to paragraph twenty-nine (29) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**30. Bash Back! Lansing is a recognized chapter of Bash Back! in Lansing, Michigan.  It operates a website to disseminate information about itself and to recruit others to its cause.**

ANSWER:  In response to paragraph thirty (30) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**31. Bash Back! and Bash Back! Lansing encourage violent and militant behavior.**

ANSWER:  In response to paragraph thirty-one (31) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**32. For example, Bash Back! Lansing's webpage states that "obviously we support violence," that "we want to tear this world…to itsy bitsy pieces," that "we want all phobes to have a real reason to fear us," and that "a militant reaction is…necessary" to achieve its ends.**

ANSWER:  In response to paragraph thirty-two (32) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without

knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**33. Bash Back! Lansing's webpage has images demonstrating this support for violence, including artistic renderings of an assault rifle with the words "BashBackChi@Riseup.net" in the lower right-hand corner.**

ANSWER:  In response to paragraph thirty-three (33) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**34. Bash Back! Lansing also boasts that it has actually engaged in such behavior, stating that the group has been involved in "tire slashing and cop terrorizing" in the past.**

ANSWER:  In response to paragraph thirty-four (34) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**35. Using the Bash Back! News website and its own website, Bash Back! Lansing recruited individuals from Indiana, Illinois, Tennessee, and Wisconsin to join with local Michigan individuals in conducting its protest, infiltration, and disruption at the Church. Printouts of the recruitment advertisements on those websites are included as Exhibit 1.**

ANSWER:  In response to paragraph thirty-five (35) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**36. Defendants staged the protest, infiltration, and disruption at the Church on the morning of November 9, 2008.**

ANSWER:  In response to paragraph thirty-six (36) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**37. The protest, infiltration, and disruption was carefully organized and included two separate groups of protestors, some demonstrating outside the Church and some sneaking inside the Church to disrupt its services.**

ANSWER:  In response to paragraph thirty-seven (37) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**38. The outside group consisted of about ten protestors who dressed in black with hooded attire and who covered their faces with bandanas.**

ANSWER:  In response to paragraph thirty-eight (38) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**39. One of the protestors was wearing a skull mask that covered his or her entire face.**

ANSWER:  In response to paragraph thirty-nine (39) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without

knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**40. According to the Defendants themselves, the attire was calculated to "look scary" and help create a "militant-looking presence outside" the Church.** *See* **Exhibit 1.**

ANSWER:  In response to paragraph forty (40) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**41. The outside group conducted an "extremely loud and wildly offensive" demonstration immediately outside a main entrance to the Church building, holding up signs with Satanic symbols and messages, waiving an upside-down cross, and shouting on a bullhorn.** *See* **Exhibit 2, Defendants' press release, "Bash Back! Raises Hell at Anti-Queer Mega-Church."**

ANSWER:  In response to paragraph forty-one (41) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**42. Several Church members' ingress and/or egress to the Church building was made difficult or impossible while this demonstration was taking place.**

ANSWER:  In response to paragraph forty-two (42) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**43. One Church member who was trying to exit the Church was unable to do so because the outside group stood only about five feet from the doors at one point and because their behavior and attire made him fear they might be violent.**

ANSWER:  In response to paragraph forty-three (43) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**44. Upon request by Pastor Scott Thompson of the Church, the outside Defendants moved to the entrance of the Church property and resumed their demonstration by marching back and forth across the Church driveway.**

ANSWER:  In response to paragraph forty-four (44) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**45. Pastor Thompson observed Defendants blocking or hindering seven or eight vehicles from entering the Church during Defendants' demonstration there, which he is recorded stating in a 911 call to the police while the outside protest was ongoing.**

ANSWER:  In response to paragraph forty-five (45) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**46. Pastor Thompson reported Defendants' blocking to the police, in part, because access to the Church comes from a major five-lane road and Defendants' physical**

obstruction of the Church entrance was preventing vehicles from safely and quickly merging from the highway onto the Church property.

ANSWER:  In response to paragraph forty-six (46) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**47. One Church member who had to drive through the Defendants' demonstration complained to Church security that the Defendants were making access to the Church dangerous and difficult.**

ANSWER:  In response to paragraph forty-seven (7) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**48. A Church member also reported that he was fearful that he would be hit by traffic because the protestor's blocking forced him to keep his vehicle in the middle of the road, vulnerable to fast-moving traffic.  Finally, he was able to slowly drive forward to move protestors out of the way and get into the church parking lot.**

ANSWER:  In response to paragraph forty-eight (48) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**49. Defendants Cailin Elizabeth Major, Wendie Renae Debnar, Michele Nicole Troutman, Samuel D. Krueger, Nathan James Keller, Anton Bollen, and Devin Scott**

Merget have all been identified by police as being a part of this demonstration outside the Church.

ANSWER: In response to paragraph forty-nine (49) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**50. Part of the purpose of this demonstration was to act as a diversion, drawing the Church's security team out of the Church sanctuary.  *See* Ex. 2.**

ANSWER: In response to paragraph fifty (50) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**51. Meanwhile, a group of about ten protestors had already entered the church prior to the commencement of the outside protest.**

ANSWER: In response to paragraph fifty-one (51) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**52. This inside group was dressed in their "Sunday-best" to allow them to "blend with" the regular churchgoers and "infiltrate" the service.  *See* Ex. 1.**

ANSWER: In response to paragraph fifty-two (52) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without

knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**53. Using cell phones and text messaging to coordinate their activities, about 40 minutes into the service the outside group signaled the inside group that "the [Church's security] guards had been lured outside," at which point the inside group "sprang into action." *See* Ex. 2.**

ANSWER:  In response to paragraph fifty-three (53) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**54. The group stood up in the middle of the service, "began screaming loudly" and threw "over a thousand fliers" into the stunned congregation.  *See* Ex. 2.**

ANSWER:  In response to paragraph fifty-four (54) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**55. Two female members of the group, one of whom has been identified as Defendant Gina Wertz, went to the front of the sanctuary and began kissing each other near the podium.**

ANSWER:  In response to paragraph fifty-five (55) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**56. A portion of the inside group had hidden in a closed-off balcony of the sanctuary and remained hidden there until hearing their screaming comrades initiating the inside protest. At that point, they loudly threw open a partitioning curtain at the edge of the balcony and hung a large sign from the balcony that read "IT'S OKAY TO BE GAY! BASH BACK!."**

ANSWER:  In response to paragraph fifty-six (56) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**57. The majority of the inside group then ran from the building, pulling two fire alarms on their way out.**

ANSWER:  In response to paragraph fifty-seven (57) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**58. A few Defendants remained hidden in the congregation to observe the Church members' reactions.**

ANSWER:  In response to paragraph fifty-eight (58) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**59. Several Church members were terrorized by the Defendants' conduct inside the church.**

ANSWER:   In response to paragraph fifty-nine (59) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**60. At least one church member reported to staff that he and his wife were concerned for his family's safety because the radical nature of the demonstrators and the unabashed nature of their rhetoric.  This member thought that he was going to have to defend his family and others who may be harmed physically.**

ANSWER:   In response to paragraph sixty (60) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**61. One of the church staff members, David Williams, Jr., who was in attendance within the sanctuary of the church when the disturbance erupted, thought immediately of recent news coverage of a shooting at a church in Colorado.  He was afraid that the protestors meant to harm church members and staff, and that the disturbance would turn violent.**

ANSWER:   In response to paragraph sixty-one (61) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**62. A mother feared for her special-needs child and so immediately went to check on him after the initial protest in the sanctuary.  While her son was unharmed, she became so "overcome with emotion" that she "could no longer speak" and could not return to the**

service.  **The protest has left her feeling afraid and makes her think twice about whether to return to the Church in the future.**

ANSWER:  In response to paragraph sixty-two (62) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**63. In public statements after its conduct on November 9, Bash Back! Lansing has described the Church as a "personal enemy of Bash Back" with whom it was "angry" and against who it would "fight back."  *See* Exhibit 3, Defendant Bash Back! Lansing's press release, "Why Mount Hope Church?? and press linx [sic]."**

ANSWER:  In response to paragraph sixty-three (63) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**64. Defendant Amy "Andy" Field, in a radio interview, when asked whether she and the other Defendants' conduct violated the Church's civil rights, stated "I'm not concerned with their civil rights."  *See* Exhibit 4, transcript of Defendant Field's radio interview.**

ANSWER:  In response to paragraph sixty-four (64) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**65. Defendant Field further stated that one of the purposes of Bash Back!'s actions was to "inspire other people" to conduct similar protests in the future.  *See* Ex. 4.**

ANSWER:  In response to paragraph sixty-five (65) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**66. This purpose of Bash Back!'s has been realized, as at least two other attacks on churches have been either made or supported by Bash Back! chapters and have been both publicized and endorsed on Bash Back! News.**

ANSWER:  In response to paragraph sixty-six (66) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**67. On November 17, 2008, the Bash Back! Olympia chapter vandalized a church building in Washington, rendering the doors inoperable by gluing the locks and spray-painting the exterior of the church.  Their press release, posted on Bash Back! News, says that this church, a member of the Church of Jesus Christ of Latter Day Saints, needed to be "confronted, attacked, subverted and destroyed" and that Bash Back!'s actions were "a warning to be Mormon church" to "dissolve completely or be destroyed."  *See* Exhibit 5, "Bash Back! Olympia Trashes Mormon Church."**

ANSWER:  In response to paragraph sixty-seven (67) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**68. On April 28, 2009, homosexual protestors disrupted the services of the Park Street Church in Boston, Massachusetts in a manner similar to the Mount Hope Church disruption. Protestors outside the church loudly decried the church's meeting, at one point moving into an historic cemetery next to the church to conduct their protest, with one member putting a bullhorn against church windows to create a harsh shrieking sound. Then, as described on the Bash Back! News website, protestors who had entered the church interrupted the service on two occasions, once with shouted statements and once when two female members declared themselves to be lesbians and embraced each other in the middle of the church.** *See* **Exhibit 6, "Boston Bashes Back Against Exodus."**

ANSWER: In response to paragraph sixty-eight (68) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

## FIRST CAUSE OF ACTION
## VIOLATION OF 18 U.S.C. § 248
## PHYSICAL OBSTRUCTION TO A PLACE OF WORSHIP

**69. The Church hereby incorporates by reference all foregoing allegations as if set forth fully herein.**

ANSWER: Defendant Nathan James Keller in response to Plaintiff's Complaint at paragraph sixty-nine (69) incorporates and re-alleges each and every answer stated in response to Paragraphs one (1) to sixty-eight (68) stated and set forth herein.

**70. FACE prohibits intentional physical obstruction that interferes with persons exercising their First Amendment right to freedom of religion at a place of worship.**

ANSWER:  In response to paragraph seventy (70) of the Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies the allegation(s) contained therein for the reason that said allegation(s) constitute conclusions of law for which no answer is required.

**71. Defendants Bash Back! and Bash Back! Lansing founded organizations that encourage physical obstruction of people and events that they oppose.**

ANSWER:  In response to paragraph seventy-one (71) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**72. Further, Defendants Bash Back! and Bash Back! Lansing actively recruited individuals to carry out physical obstruction at the Church.**

ANSWER:  In response to paragraph seventy-two (72) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**73. Individual Defendants at the Church, acting on the instigation of Bash Back! and Bash Back! Lansing, physically obstructed access to the Church in two separate ways.**

ANSWER:  In response to paragraph seventy-three (73) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**74. First, individual Defendants physically obstructed access to the Church building itself by conducting a threatening demonstration in close proximity to the Church entrance.**

ANSWER:  In response to paragraph seventy-four (74) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**75. Defendants' behavior and location rendered ingress and egress to the Church building through the Church's main entrance unreasonably difficult or impossible, preventing or hindering Church members from being able to enter or exit the building for several minutes.**

ANSWER:  In response to paragraph seventy-five (75) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**76. Second, individual Defendants physically obstructed access to the Church parking lot marching back and forth across the driveway entrance.**

ANSWER:  In response to paragraph seventy-six (76) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**77. Defendants' conduct rendered impassable ingress and egress to the church where people were lawfully exercising or seeking to exercise the First Amendment right to religious freedom at a place of worship.**

ANSWER: In response to paragraph seventy-seven (77) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**78. Defendants' rendered passage to and/or from a place of worship unreasonably difficult or hazardous.**

ANSWER: In response to paragraph seventy-eight (78) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**79. As such, Defendants' actions violated FACE's protection against physical obstruction that interferes with access to a place of religious worship.**

ANSWER: In response to paragraph seventy-nine (79) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**80. Defendants are jointly and severely liable for these actions.**

ANSWER: In response to paragraph eighty (80) of the Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies the allegation(s) contained therein for the reason that said allegation(s) constitute conclusions of law for which no answer is required.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 18 U.S.C. § 248**
**INTIMIDATION AT A PLACE OF WORSHIP**

**81. The Church hereby incorporates by reference all foregoing allegations as if set forth fully herein.**

ANSWER:  Defendant Nathan James Keller in response to Plaintiff's Complaint at paragraph eighty-one (81) incorporates and re-alleges each and every answer stated in response to Paragraphs one (1) to eighty (80) stated and set forth herein.

**82. FACE prohibits using threat of force to intentionally intimidate persons accessing a place of worship.  Intimidate "means to place a person in reasonable apprehension of bodily harm to him-or herself or to another."  18 U.S.C. § 248(e)(3).**

ANSWER:   In response to paragraph eighty-two (82) of the Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies the allegation(s) contained therein for the reason that said allegation(s) constitute conclusions of law for which no answer is required.

**83. Defendants Bash Back! and Bash Back! Lansing actively recruited individuals nationwide to engage in a threatening, "militant" demonstration at the Church, instructing participants to wear "black and have a mask" in order to "look scary."**

ANSWER:  In response to paragraph eighty-three (83) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**84. Defendants Bash Back! and Bash Back! Lansing also organized the "infiltration" of the Church sanctuary by disguised protest members, providing instructions on how to "blend with" the Church membership to avoid detection.  Exhibits 2,4.**

ANSWER:  In response to paragraph eighty-four (84) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**85. Individual Defendants in the outside group intentionally wore frightening, identity-hiding attire, held signs and symbols known to be associated with violence, and conducted an "extremely loud and wildly offensive" demonstration on Church premises.  Exhibit 2.**

ANSWER:  In response to paragraph eighty-five (85) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**86. Their appearance and conduct was intended to be intimidating and had its intended effect.**

ANSWER:  In response to paragraph eighty-six (86) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**87. Individual Defendants in the inside group coordinated their activities with the outside group to occur at a time when Church security would not be in the Church sanctuary.**

ANSWER:  In response to paragraph eighty-seven (87) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without

knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**88. Defendants in the inside group initiated their activity by bursting up from their seats with simultaneous loud screaming, continued it by hurling paper at the startled congregation and engaging in offensive acts in front of the Church, and finished it by hanging a large banner from a restricted area—with the words "BASH BACK!" written on the banner.**

ANSWER:  In response to paragraph eighty-eight (88) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**89. The intentionally threatening actions of the individual Defendants left Church members feeling terrified, reasonably fearing and being in apprehension of bodily harm to themselves and their families.  Several Church members have reported to church staff that they feel unsafe or insecure in returning to the Church.**

ANSWER:  In response to paragraph eighty-nine (89) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**90. As such, Defendants' conduct violated FACE's prohibition against force and threats of force that intimidate persons exercising their First Amendment right to religious freedom at a place of religious worship.**

ANSWER:  In response to paragraph ninety (90) of the Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies the allegation(s) contained therein for the reason that said allegation(s) constitute conclusions of law for which no answer is required.

**91. Defendants are jointly and severely liable for these actions.**

ANSWER:  In response to paragraph ninety-one (91) of the Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies the allegation(s) contained therein for the reason that said allegation(s) constitute conclusions of law for which no answer is required.

**THIRD CAUSE OF ACTION**
**TRESPASS TO PROPERTY**

**80.  [sic] (92) The Church hereby incorporates by reference all foregoing allegations as if set forth fully herein.**

ANSWER:  Defendant Nathan James Keller in response to Plaintiff's Complaint at paragraph ninety-two (92) incorporates and re-alleges each and every answer stated in response to Paragraphs one (1) to ninety-one (91) stated and set forth herein.

**81. [sic] (93) Defendants committed an unauthorized intrusion upon the private premises of the Church by invading the inside of the Church building, and by congregating outside the front doors of the Church building.**

ANSWER:  In response to paragraph ninety-three (93) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**82.  [sic] (94) The Church has the right to exclusive possession of its land.  Defendants' intrusion is a trespass under Michigan common law.  *Adams v. Cleveland-Cliffs Iron Co.*, 237 Mich. App. 51, 60 (1999).**

ANSWER:  In response to paragraph ninety-four (94) of the Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies the allegation(s) contained therein for the reason that said allegation(s) constitute conclusions of law for which no answer is required.

**83. [sic] (95) Defendants also damaged property in the commission of their trespass when they pulled fire alarms upon exiting the Church building.**

ANSWER:  In response to paragraph ninety-five (95) of Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies those allegations because he is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.

**84. [sic] (96) Defendants are jointly and severely liable for these actions.**

ANSWER:  In response to paragraph ninety-six (96) of the Plaintiff's Complaint, Defendant Nathan James Keller neither admits nor denies the allegation(s) contained therein for the reason that said allegation(s) constitute conclusions of law for which no answer is required.

## PRAYER FOR RELIEF

**Wherefore, the Church prays for judgment against Defendants and respectfully requests the following relief:**

ANSWER:  Defendant Nathan James Keller in response to Plaintiff's Complaint and incorporates and re-alleges each and every answer stated in response to Paragraphs one (1) to ninety-six (96) stated and set forth herein with Defendant Nathan James Keller denying that the Plaintiff is entitled to any of the relief requested.

**WHEREFORE**, Defendant, NATHAN JAMES KELLER, individually by and through his attorneys BOHNHOFF & MAHONEY, PLC respectfully requests that this Honorable Court

dismiss Plaintiff's Complaint in its entirety as to Defendant Nathan James Keller and award costs, including attorney fees to Defendant Nathan James Keller.

## JURY DEMAND

Defendant NATHAN JAMES KELLER hereby demands a trial by jury as to each issue so triable.

Respectfully submitted,

BOHNHOFF & MAHONEY, PLC

Dated: June 1, 2009                              /s/ Michael S. Mahoney
                                                 Michael S. Mahoney (P71428)
                                                 Karl A. H. Bohnhoff (P10957)
                                                 BOHNHOFF & MAHONEY, PLC
                                                 Attorneys for Defendant Nathan James Keller
                                                 912 Centennial Way, Suite 320
                                                 Lansing, MI 48917
                                                 Tel:    (517) 323-4410
                                                 Fax:    (517) 323-4503
                                                 Email:  sfreed@bohnhofflawoffice.com