UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MOUNT HOPE CHURCH,

    Plaintiff,

v.

BASH BACK!, D-01
BASH BACK! LANSING, D-02
GINA ELEYNA WERTZ, D-03
KRISTY ELIZABETH BOUSQUET, D-04
AMY MICHELLE FIELD, D-05
JASON DAVID HATZ, D-06
CAILIN ELIZABETH MAJOR, D-07
WENDY RENAE DEBNAR, D-08
MICHELLE NICOLE TROUTMAN, D-09
SAMUEL D. KREUGER, D-10
NATHAN JAMES KELLER, D-11
ANTON BOLLEN, D-12
DEVIN SCOTT MERGET, D-13
DANIEL A REGENSCHEIT, D-14
RYAN LEVITT, D-15
ALLISON MARGARET PENNINGS, D-16
JOHN DOES 1-20, D-17-36

    Defendants.
_____/

File No. 1:09-CV-427

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter is before the Court on a joint motion for summary judgment and motion to dismiss filed by thirty-four of the thirty-six Defendants named in Plaintiff Mount Hope Church's complaint. (Dkt. No. 61.)  Plaintiff's complaint asserts claims for trespass and

1

violation of the Freedom of Access to Clinic Entrances Act, 18 U.S.C. § 248. On July 31, 2009, thirty-four of the Defendants filed an answer to Plaintiff's complaint. On the same day these Defendants filed a "Motion for Summary Judgment/Disposition" on Plaintiff's complaint, which asked the Court to grant "summary judgment . . . pursuant to F.R.C.P. 12(b)(1) and 12(b)(6), as applied by F.R.C.P. 56(b)." (Dkt. No. 61, Def.'s Mot. 3.) The only two Defendants not participating in the July 31, 2009, answer and motion are Defendant Nathan James Keller and Defendant Jason David Hatz.[1] For the reasons that follow, Defendants' motion will be denied.

## I. Factual Background

On November 9, 2008, Defendants allegedly participated in a demonstration at Mount Hope Church in Delta Township, Michigan. Plaintiff alleges that "Defendants intentionally acted and appeared in a threatening manner and physically obstructed not only traffic entering the Church parking lot, but access to the church building itself." (Dkt. No. 1, Pl.'s Compl. 1.) Plaintiff argues that Defendants' conduct on November 9, 2008, constituted trespass and violated 18 U.S.C. § 248, which prohibits the use of force or physical obstruction to intimidate and interfer with persons seeking to exercise First Amendment rights at a place of religious worship.

## II. Law and Analysis

Defendants ask the Court to dismiss Plaintiff's claims "pursuant to . . . FRCP 12(b)(6),

---

[1] On August 21, 2009, Plaintiff filed a notice of voluntary dismissal of its claims against Defendant Hatz. (Dkt. No. 65.)

as applied by FRCP 56(b)."[2]  The Court interprets this motion liberally, and determines that it constitutes both a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and a motion for summary judgment under Fed. R. Civ. P. 56(b).

1) Motion to Dismiss Pursuant to Fed. R. Civ. P 12(b)(6)

Under Fed. R. Civ. P. 12(b), a 12(b)(6) motion must be filed before an answer, if an answer is required.  Defendants filed an answer on July 31, 2009, at 5:04 p.m.  Defendants filed their 12(b)(6) motion on July 31, 2009, at 5:16 p.m.  To the extent Defendants' motion constitutes a motion to dismiss under 12(b)(6), that motion is untimely.  See United States v. Beltecno Inc. & Subsidiaries, No. C09-300 RSM, 2009 WL 2568232, at *2 (W.D. Wash. Aug. 12, 2009) (looking to the time the answer and motion were filed to determine timeliness when the answer and motion were filed on the same day).  However, this Court will liberally construe a motion to dismiss under 12(b)(6) filed after an answer as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), which may be filed after an answer.  Gen. Elec. Co. v. United States, 87 Fed. Cl. 221, 222 n.1 (Fed. Cl. 2009).  The standard of review for motions under 12(c) is the same as it is for motions under 12(b)(6).  Kottmyer v. Maas, 436 F.3d 684, 689 (6th Cir. 2006); EEOC v. J.H. Routh Packing Co., 246 F.3d 850, 851 (6th Cir. 2001).

According to Fed. R. Civ. P. 12(d), if, in a motion under 12(c), matters outside the

---

[2]Defendants also ask the Court to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1).  Defendants, however, do not argue that the Court does not have subject matter jurisdiction over this action.

pleadings are presented to the court, the court must treat the motion as one for summary judgment under Rule 56(c). In their motion, Defendants use various exhibits to introduce "matters outside the pleadings" in support of their motion. For this reason, the Court will treat Defendants' motion exclusively as one brought under Fed. R. Civ. P. 56. Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc., 452 F. 3d 494, 503 (6th Cir. 2006) ("In our view, Rule 12(c) requires only one action by the district court for the conversion to a summary judgment motion to occur: failure to exclude presented outside evidence.").

2) Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(c)

Summary judgment is appropriate only if the non-moving party fails to establish the existence of a genuine issue of material fact "after adequate time for discovery." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "The non-movant bears the obligation to inform the district court of its need for discovery." Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc., 280 F.3d 619, 627 (6th Cir. 2002). The non-movant may satisfy this obligation by filing a motion for additional discovery or by filing an affidavit under Fed. R. Civ. P. 56(f) detailing the discovery needed. Id.

Defendants filed their motion for summary judgment on July 31, 2009, the same day they filed their answer. The parties have not exchanged the disclosures mandated by Fed. R. Civ. P. 26(a), scheduled a discovery conference pursuant to Rule 26(f), nor engaged in any other discovery. Plaintiff filed a response to Defendants' motion on August 31, 2009. (Dkt. No. 67.) Plaintiff asked that the Court permit the parties to conduct discovery prior to ruling

on a motion for summary judgment. Plaintiff also filed an affidavit under Rule 56(f) detailing the discovery needed. (Dkt. No. 66.) Plaintiff states that additional discovery is necessary for it to, inter alia, identify the remaining Defendants, identify the extent of each Defendants' participation in the demonstration, and otherwise develop the facts surrounding the demonstration.

### III. Conclusion

Plaintiff's motion and accompanying affidavit are sufficient to convince the Court that Defendants' motion for summary judgment is premature. The parties must conduct discovery sufficient to demonstrate the absence of a genuine issue of material fact before the Court rules on a summary judgment motion.

An order will be entered that is consistent with this opinion.


Dated: <u>September 23, 2009</u>              <u>/s/ Robert Holmes Bell            </u>
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE