Kevin Theriot
Erik Stanley
Dale Schowengerdt
ALLIANCE DEFENSE FUND
15100 N. 90th Street
Scottsdale, AZ 85260
480-444-0020
480-444-0028 (fax)
dale@telladf.org

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MICHIGAN
### WESTERN DISTRICT

| | | |
|---|---|---|
| MOUNT HOPE CHURCH, | ) | Case No. 1:09-CV-427 |
| | ) | Hon. Robert Holmes Bell |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BASH BACK!, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | **MOTION TO COMPELL** |
| | ) | **DEFENDANTS' DISCOVERY** |
| | ) | **RESPONSES AND SUPPORTING** |
| | ) | **MEMORANDUM** |

## MOTION

Every Defendant—save Nathan Keller, who is represented by separate counsel—has refused to produce any discovery in this case, including Rule 26(a) initial disclosures, answers to requests for production, and answers to interrogatories. Mount Hope has attempted to resolve this issue without the need to involve the Court, yet each of our attempts has been unsuccessful. In addition, Counsel for Mount Hope twice requested a phone conference with Defendants'

counsel to try to resolve the issue, but received no response.  L.R. 7.1(d); Schowengerdt Affidavit, ¶¶ 5-6.

Thus, Mount Hope moves the Court for an order to compel all Defendants represented by attorney Tracie Palmer to produce all discovery documents and answers currently due, including Rule 26(a) initial disclosures, answers to interrogatories, and answers to requests for production. Fed. R. Civ. Pro. 37(a)(3)(A).  We also move the Court for an order requiring these Defendants to pay Mount Hope's reasonable expenses in bringing this motion, including attorney's fees. Rule 37(a)(5).

## MEMORANDUM IN SUPPORT

"The Federal Rules of Civil Procedure provide for broad, liberal discovery of any information which may be relevant to a suit.  The discovery rules, like all of the Rules of Civil Procedure, must 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Powerhouse Marks, L.L.C. v. Chi Hsin Impex, Inc.*, No. Civ. A.04CV73923DT, 2006 WL 83477, *1 (W.D. Mich. Jan. 12, 2006) (quoting Fed. R. Civ. P. 1). If a party fails to comply with the federal discovery rules, an order to compel compliance is appropriate under Rule 37(a).  And unless the failure to respond to discovery requests is "substantially justified," the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5).

The Defendants represented by attorney Tracie Palmer (who include everyone except for Nathan Keller, and collectively referred to here as "Bash Back") have failed to produce their Rule 26(a)(1) initial disclosures, even though they were originally due on November 30, 2009,

and even though Mount Hope has repeatedly requested them.  Schowengerdt Affidavit ¶ 1.  Ms. Palmer has given no reason for their failure to submit the initial disclosures, and the delay has impeded Mount Hope's ability to effectively and efficiently conduct discovery.  An order compelling Bash Back to make these disclosures is therefore appropriate under Rule 37 (a)(3)(A).

     Also appropriate is an order to compel Bash Back to answer Mount Hope's interrogatories and requests for production.  Rule 37(a)(3)(B)(iii-iv).  Mount Hope served its interrogatories and requests for production on each individual defendant on March 5, 2009 (Doc. Nos. 87 and 88).  After Defendants' due date of April 5, 2010 came and went, Mount Hope's counsel sent Ms. Palmer a letter on April 12, 2010 requesting answers to the interrogatories and requests for production, in addition to their initial disclosures, by April 19, 2010.   Schowengerdt Affidavit ¶ 4.  Ms. Palmer never responded to the letter.  Counsel for Mount Hope also emailed Ms. Palmer on April 19, 2010, to request a phone conference to try to resolve the issue without the need for a motion to compel, as required by Local Rule 7.1(d).  Schowengerdt Affidavit ¶ 5.  We never received a response to that email, so counsel for Mount Hope left a voicemail for Ms. Palmer on April 20, 2010, but once again never received a response.  *Id.* at ¶ 6.  Ms. Palmer has not objected to Mount Hope's discovery requests, nor has she given any reason for not submitting discovery answers or initial disclosures.

     Bash Back's refusal to comply with basic discovery requirements has seriously impeded Mount Hope's right to conduct discovery and has cost counsel a great deal of unnecessary time and effort.  Although the depositions in this case are scheduled for the first two weeks in May, it is unlikely that they will take place since Mount Hope needs Bash Back's discovery responses before the depositions.  And because discovery cutoff is May 31, 2010, Mount Hope will likely

need to move for an extension of the discovery deadlines.[1]  Under the plain language of Rule 37(a)(3)(iii-iv), Bash Back must be compelled to answer Mount Hope's discovery requests.

Moreover, Rule 37(a)(5) requires an award of costs, including attorney's fees, unless a party's opposition to a motion to compel for failure to produce discovery is "substantially justified."  Opposing a motion can only be considered "substantially justified if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule."  8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2288 (3d. ed).

Here, Bash Back has given no reason for its refusal to submit answers to Mount Hope's discovery requests.  Their refusal violates the federal rules and has severely obstructed Mount Hope's right to a "just, speedy, and inexpensive determination" of this case.  In short, defendants have completely thumbed their noses at the federal discovery requirements and this Court's scheduling order without giving any reason whatsoever.

## CONCLUSION

Therefore, Mount Hope respectfully requests that the Court order Bash Back to submit its Rule 26(a) initial disclosures, and that each individual defendant answer Mount Hope's interrogatories and requests for production.  Mount Hope also requests an order awarding it the costs of bringing this motion, including attorney's fees.

Respectfully submitted,

ALLIANCE DEFENSE FUND

By:
s/ Dale Schowengerdt

---

[1] This is especially true since Mount Hope still does not know the identities of some of the Defendants.  These defendants were listed as John Does 1-20 in the complaint.  Part of Mount Hope's discovery requests seeks the identities of those individuals.

4

Kevin Theriot
Erik Stanley
Dale Schowengerdt
Alliance Defense Fund
15100 N. 90th Street
Scottsdale, AZ 85260
480-444-0020
480-444-0028 (fax)
dale@telladf.org

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that I have served electronically through the ECF system the Motion to Compel Defendants' Discovery Responses and Supporting Memorandum on the following individuals: Michael S. Mahoney, Tracie Dominique Palmer.

Dated: April 21, 2010            s/ Dale Schowengerdt