UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOUNT HOPE CHURCH,

    Plaintiff,

v.                                                  CASE NO. 1:09-CV-427

BASH BACK!, et al.,                    HON. ROBERT HOLMES BELL

    Defendants.
_____/

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion for a protective order to keep Plaintiff's witnesses anonymous. (Dkt. No. 79.) Defendants have not filed a response to this motion, although the time period for responding has expired.

Several circuits have held that anonymity is appropriate where the need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the individual's identity. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (citing cases from various federal circuit courts). The need for anonymity arises "when identification creates a risk of retaliatory physical or mental harm." *Id.* Plaintiff presents evidence that Defendant Bash Back and its supporters have directed threats and intimidating language towards individuals and organizations that have come forward in support of Plaintiff. For example, one e-mail from Bash Back can be read to encourage the

vandalism of the Arizona office of the Alliance Defense Fund, the organization representing Plaintiff in this matter. (Dkt. No. 81 Ex. 4.) In addition, after state representative Dave Agema publicly expressed disapproval of the disruption of religious services, a Bash Back supporter suggested that representative Agema should "watch [his] f***ing back." (Dkt. No. 81 Ex. 6.) The Court is satisfied that Plaintiff has introduced sufficient evidence that its witnesses face a credible threat of retaliation if they are required to testify openly in support of Plaintiff, and that the anonymity of Plaintiff's witnesses is appropriate.[1]

**IT IS HEREBY ORDERED** that Plaintiff's motion for a protective order to keep Plaintiff's witnesses anonymous (Dkt. No. 79) is **GRANTED**.  Plaintiff will assign to each of its witnesses a number, one through one-hundred. Plaintiff will file with the Court under seal a spreadsheet containing the true identity of each witness and the number that has been assigned to the witness. Defendants' counsel of record shall be permitted to view the spreadsheet upon adequately representing to the Court that, as an officer of the Court, Defendants' counsel will maintain the confidentiality of the true identities of Plaintiff's witnesses. Throughout the course of these proceedings, Plaintiff's witnesses shall be required to disclose the city in which they reside, but they will not be required to disclose any information that could jeopardize their anonymity.

Dated: April 22, 2010          /s/ Robert Holmes Bell
                               ROBERT HOLMES BELL
                               UNITED STATES DISTRICT JUDGE

---

[1] It is reasonable for the Court to assume that, if Defendants were truly concerned that they would be prejudiced by Plaintiff's witnesses' anonymity, they would have filed a response in opposition to Plaintiff's motion.