UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| MOUNT HOPE CHURCH, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:09-cv-427 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| BASH BACK!, et al., ) | |
| ) | **DISCOVERY ORDER** |
| Defendants. ) | |
| _____ ) | |

Plaintiff has moved for an order compelling all defendants (except defendant Nathan James Keller) to file Rule 26(a)(1) disclosures, as required by the case management order, and to respond to plaintiff's outstanding interrogatories and requests for production. Defendants have not responded to the motion to compel. The court scheduled the motion for hearing on May 11, 2010, at 3:00 p.m. Only plaintiff's counsel appeared; neither defendants nor their attorney appeared at the hearing. The court finds that plaintiff is entitled to the relief it seeks and that defendants have not shown that their patent failure to comply with their discovery and disclosure requirements is substantially justified. Accordingly:

IT IS ORDERED that plaintiff's motion to compel discovery and disclosure (docket # 88) be and hereby is GRANTED.

IT IS FURTHER ORDERED that all defendants (except defendant Nathan James Keller) must serve on plaintiff's counsel full and complete disclosures complying with Rule 26(a)(1), no later than **May 25, 2010**. If any defendant fails to comply with this order, the court will enter an

order under Rule 37(c)(1) precluding use by that party of any undisclosed information in connection with a motion or at a hearing or at trial.

      IT IS FURTHER ORDERED that all defendants (except defendant Nathan James Keller) shall answer fully, and under oath, all interrogatories served on March 5, 2009, and shall produce all documents responsive to plaintiff's requests for production served on the same date.  All objections to said discovery requests are deemed waived.  **Any further failure by defendants to comply with their obligations under the Rules of Civil Procedure concerning discovery and disclosure may result in the imposition of any of the sanctions set forth in Rule 37(b)(2), including the entry of a default judgment against them.**

      IT IS FURTHER ORDERED that discovery sanctions in the amount of $1,000.00 are hereby taxed in favor of plaintiff and against all defendants (except defendant Nathan James Keller), jointly and severally, as defendants have not advanced any substantial justification for their failure to abide by their discovery obligations.

      DONE AND ORDERED this 11th day of May, 2010.

                                      /s/  Joseph G. Scoville
                                      United States Magistrate Judge