UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| MOUNT HOPE CHURCH, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 1:09-cv-427 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| BASH BACK!, et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | |
| | ) | |

This is a civil action brought pursuant to the civil remedies provision of the Freedom of Access to Clinic Entrances (FACE) Act, 18 U.S.C. § 248(c). The suit is brought by Mount Hope Church against Bash Back! (a group that advocates in favor of homosexual rights) and certain persons alleged to be members of that advocacy group. The suit arises from an incident that occurred at the Mount Hope Church on Sunday, November 9, 2008, during which defendants allegedly infiltrated the church and disrupted a service. Plaintiff alleges that defendants' actions violated the provisions of the FACE Act protecting the exercise of the First Amendment right of religious freedom at a place of worship from intimidation or interference as a result of either physical obstruction or the threat of force. 18 U.S.C. § 248(a)(2).

On or around April 7, 2010, plaintiff served on Berl Schwartz, the editor of City Pulse Newspaper, a subpoena duces tecum calling for production of photographs and documents in Schwartz's possession, custody, or control relating to the incident at Mount Hope Church. Apparently, City Pulse had an intern reporter present at the incident, and it ran one or more stories

in its print and Internet newspapers. In addition, about two weeks after the incident, Mr. Schwartz interviewed on the City Pulse radio program two people, identified as "Max" and "Stewart," who claimed to be Bash Back! members involved in the Mount Hope Church incident. (*See* Transcript, ID#s 525-547).

On this basis, plaintiff concluded that City pulse might have photographs or other information identifying the participants in the incident. In response to the subpoena, however, City Pulse agreed only to release published materials, claiming a privilege for the remainder. When negotiations between the parties failed, plaintiff moved to enforce the subpoena. At a hearing conducted on November 29, 2010, the court rejected City Pulse's assertion of a First Amendment privilege attaching to photographs and documentary materials in the possession of the newspaper relating to this case. *See In re Grand Jury*, 810 F.2d 580 (6th Cir. 1987). The court determined, however, that the subpoenaed party was entitled to an *in camera* review under the "balancing of interests" approach endorsed by the Sixth Circuit, *see* 810 F.2d at 585-86, to determine whether the subpoenaed items are relevant and discoverable. *See In re Daimler Chrysler, A.G. Sec. Litig.*, 216 F.R.D. 395, 401-02 (E.D. Mich. 2003). The court therefore entered an order enforcing the subpoena and requiring admission of all withheld documents for *in camera* review. (Order, docket # 135).

City Pulse has now produced seventeen e-mail strings for *in camera* review. After examination of the withheld documents, the court determines that some of them are discoverable, as they may shed light on the disputed issues in this case, but that other documents are not relevant. The court notes that none of these documents appear to divulge the identity of any confidential source. Each e-mail string is discussed below. The string is identified by the date, author, and

subject line of the earliest message in the e-mail string. To further identify each e-mail string, and to prevent possible confusion, the court has affixed a number to each string.

   1.  November 6, 2008/Bash Back! Lansing/Radical Queer Action. This e-mail string apparently includes a message from defendant Amy Michelle Field (who sometimes uses the name "Andy"), and therefore may contain party admissions. Production will be ordered.

   2.  November 7, 2008/Gretchen Cochrane/Radical Queer Action. This e-mail string apparently relates to the previous string and contains a press release by Bash Back! Lansing, and therefore may include party admissions. Production will be ordered.

   3.  November 10, 2008/Neal McNamara/Radical Queer Action. This e-mail string contains communications from Neal McNamara (the news editor of City Pulse) and Reverend John Elieff (the pastor of Mount Hope Church). Presumably, the e-mail string is already in the possession of plaintiff. Production will not be ordered.

   4.  November 10, 2008/John Elieff/Radical Queer Action. Similarly, this e-mail string embodies communications between City Pulse and Mount Hope Church. Production will not be required.

   5.  November 10, 2008/David Williams, Jr./Press Release. In this e-mail string, employees of Mount Hope Church forwarded to Neal McNamara the church's press release concerning the incident. This information is obviously already available to plaintiff, so production will not be ordered.

6. <u>Deinhaus@riseup.net [the e-mail address used by Defendant Field] /November 10, 2008/BashBack! Raises Hell at Anti-Queer Mega-Church</u>. In this e-mail, Gretchen Cochrane (a public relations person apparently assisting Bash Back!) forwarded a Bash Back! press release to City Pulse. The Bash Back! press release pertains to the incident at issue in this case and is obviously relevant. Furthermore, the press release was meant for public consumption and cannot be deemed in any way confidential. Production will be ordered.

7. <u>November 10, 2008/Rob Macomber/Protest?</u>. In this e-mail string, Reverend Elieff forwarded to Neal McNamara a blog entry that was sent to Elieff by Rob Macomber, an employee of the Michigan Republican Party. This e-mail string is otherwise available to plaintiff, and production will not be ordered.

8. <u>November 17, 2008/CQuick/Bash Back! Photo</u>. This e-mail string concerns a photo of the Bash Back! demonstration that was apparently sent to Christina Quick, a staff writer at TPE Magazine, by Neal McNamara. As the existence of photographs is at issue in this case, the e-mail string is relevant, and production will be ordered.

9. <u>December 15, 2008/Deinhaus@riseupnet/For Andy</u>. This e-mail string contains correspondence between defendant Amy Michelle Field (Andy), and Neal McNamara concerning an interview. The context of the e-mail implies that the subject matter of the interview would involve the incident at Mount Hope Church. Production will be ordered.

10. December 15, 2008/Deinhaus@riseupnet/For Andy. This e-mail string is apparently a continuation of string no. 9 described above. Production will be ordered.

11. December 15, 2008/Deinhaus@riseupnet/For Andy. This e-mail string is duplicative of string nos. 9 and 10 and contains no new information. Production will not be ordered.

12. May 15, 2009/Berl Schwartz/Breaking News from LSJ.com. This e-mail string consists of communications between Berl Schwartz and Neal McNamara, both employees of the City Pulse. The occasion of the communication was a Lansing State Journal article reporting the filing of the present lawsuit. The communication consists only of internal comment and strategizing concerning the newspaper's future attitude towards the present lawsuit. The e-mail string has no probative value in the present case, and production will not be ordered.

13. May 15, 2009/Nathan Harris/Andy. In this e-mail string, Mr. McNamara asks the intern/reporter, Nathan Harris, for contact information for "Andy," and Mr. Harris provides an e-mail address and telephone number. As far as the court can tell, this exchange has no probative value in the present case. Production will not be ordered.

14. May 15, 2009/Neal McNamara/Further, Bash Back!. This e-mail string contains internal communication between Neal McNamara and Berl Schwartz concerning the present lawsuit. The reactions of McNamara and Schwartz to the lawsuit are immaterial to the resolution of this case. Production will not be ordered.

15. <u>May 18, 2009/Berl Schwartz/Bash Back! & the ACLU</u>. Although this e-mail string consists of communications between Mr. Schwartz and Mr. McNamara, it refers to conversations that each had with defendant Field and therefore may reflect party admissions. Production will be ordered.

16. <u>May 21, 2009/Neal McNamara/Story</u>. This e-mail string contains communications between Neal McNamara and the intern reporter Nathan Harris. The subject matter of the communications concerns Mr. McNamara's desire to interview Harris concerning his personal reactions to the Bash Back! story. The e-mail string contains no probative evidence, and disclosure will not be ordered.

17. <u>May 21, 2009/Neal McNamara/Story</u>. This e-mail string is apparently duplicative of document 16.

An order will be entered requiring Berl Schwartz, editor of the City Pulse newspaper, to produce the documents identified above to plaintiff's counsel forthwith. The *in camera* documents will be maintained by the court under seal for purposes of appellate review.


Dated: December 7, 2010          /s/ Joseph G. Scoville
                                 United States Magistrate Judge