Mark W. Sniderman
CAPLIN SNIDERMAN P.C.
11595 N. Meridian St., Ste. 300
Carmel, IN 46032
(317) 815-8600
(317) 574-0194
mark@caplinlaw.com

*Attorney for Below-Mentioned Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MICHIGAN
## WESTERN DISTRICT

| | | |
|---|---|---|
| MOUNT HOPE CHURCH, | ) | Case No. 1:09-CV-427 |
| | ) | Hon. Robert Holmes Bell |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BASH BACK!, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | DEFENDANTS', ANTON BOLLEN, |
| | ) | GINA ELEYNA WERTZ AND |
| | ) | SAMUEL D. KRUEGER, FIRST |
| | ) | MOTION FOR PROTECTIVE |
| | ) | ORDER |

EXPEDITED CONSIDERATION REQUESTED[1]

### Motion

Plaintiff Mount Hope Church ("Mt. Hope") unilaterally noticed the depositions of fourteen defendants to take place in Lansing, Michigan without asking for feasible dates or locations. Since then, three defendants, Anton Bollen, Gina Eleyna Wertz and Samuel D. Krueger (hereinafter collectively referred to as

---

[1] Pursuant to Local Rule 7.1(e), Defendants respectfully request expedited consideration of this request, for the relevant depositions are scheduled for March 8 and 9, 2011. Furthermore, a telephonic hearing in this matter is already set for 11:00 a.m., March 4, on another discovery matter in this cause, if the Court should wish to address this matter as well. (D. # 156).

the "Remote Defendants"), by counsel, have respectfully sought to reschedule the location of their depositions to no avail (the relevant notices are attached as Exhibit A). Counsel for the Remote Defendants has repeatedly sought to resolve this dispute by discussion with counsel for Mt. Hope, and has held the conference required by Local Rule 7.1(d) on March 2, 2011. Mt. Hope has refused to budge, however, and because the Remote Defendants lack the money, resources and/or flexibility to travel to Lansing next week, they have no choice but to seek a protective order from this Court. Therefore, the Remote Defendants, by counsel, respectfully move the Court for a protective order setting the location of these depositions in their respective residences at a time to be agreed upon by the parties, and for all other appropriate relief just and proper in the premises.

## Memorandum in Support

The Remote Defendants respectfully show the Court as follows in support of this motion:

1. This action was commenced on May 13, 2009 (D. # 1). After a Joint Motion for Extension of Time to Complete Discovery and Amend Case Management Plan was granted (D. # 136), Mt. Hope served notices to fourteen of the defendants in this matter on February 10, 2011, for depositions scheduled the week of March 7, 2011. The undersigned represents eleven of those defendants and received notices for same on February 14, 2011.

2. Mt. Hope never inquired as to availability of any of the eleven defendants represented by the undersigned, and instead unilaterally scheduled the time and place of the depositions. Nonetheless, the undersigned has arranged for two out-of-town defendants to agree to travel to Lansing to be deposed during the week of March 7. Correspondingly, Mt. Hope has agreed to reschedule the

depositions of three other defendants who asked that such depositions occur in the district of their residence.

   3.  Bollen currently resides and works in Germany.  (*Affidavit of Anton Bollen*, Exhibit C, ¶¶ 1, 2)  He lacks the finances to permit him to travel to Lansing at this time.  (*Id.*, ¶ 2)  He also may not take time off from work to travel to Lansing at this time.  (*Id.*)  He will make himself available  to deposed by telephone or video conference.  (*Id.*, ¶ 3)  He might also travel to the United States in July or August 2011, and will make himself available for deposition at that time.  (*Id.*)  He will also not oppose extension of any discovery or dispositive motion deadlines that may be necessitated in order to schedule his deposition.  Bollen advised Mt. Hope on February 14, 2011 of his unavailability, yet Mt. Hope has refused to withdraw the notice.

   4.  Wertz currently resides and works in the State of Maine.  (*Affidavit of Gina Eleyna Wertz*,[2] Exhibit D, ¶¶ 1, 2)  She lacks the finances to permit travel to Lansing at this time.  (*Id.*, ¶ 2)  She also may not take time off from work to travel to Lansing at this time.  (*Id.*)  She  will make himself available to be deposed by telephone or video conference  (*Id.*, ¶ 3)  She will also not oppose extension of any discovery or dispositive motion deadlines that may be necessitated in order to schedule his deposition.  Wertz advised Mt. Hope on or before February 23, 2011 of her unavailability, yet Mt. Hope has refused to withdraw the notice.

---

[2] Both the *Affidavit of Gina Eleyna Wertz* and the *Affidavit of Samuel D. Krueger* are attached as exhibits to this motion and memorandum, but are as of yet unexecuted. They were drafted by the undersigned, on information and belief, and the executed versions shall be filed with the Court as soon as they are received.  For the purposes of this motion, these affidavits are submitted as supplemental evidence, and neither are necessary for the resolution of this matter.

5. Krueger currently resides in the State of North Carolina. (*Affidavit of Samuel D. Krueger*,[3] Exhibit E, ¶ 1). He lacks the finances to permit travel to Lansing at this time. (*Id*., ¶ 2) He will likely not possess sufficient finances for such travel for one or two months. (*Id*.) He will make himself available to be deposed by telephone or video conference (*Id*., ¶ 3) He will also not oppose extension of any discovery or dispositive motion deadlines that may be necessitated in order to schedule his deposition. Krueger advised Mt. Hope on or before March 1, 2011 of his unavailability, yet Mt. Hope has refused to withdraw the notice.

6. Rule 26 of the Federal Rules of Civil Procedure allows a Court to grant a protective order, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A movant must show good cause articulating "specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements.'" *Nix v. Sword*, 11 Fed.Appx. 498, 500 (6th Cir. 2001), 2001 WL 599707, citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987).

7. Generally, the location of a deposition is selected by the party noticing the deposition. Fed.R.Civ.P. 30(b)(1). When a dispute over the location of a deposition arises, this Court has "wide discretion" to set the time and place of the deposition. *Brasfield v. Source Broadband Services, LLC*, 225 F.R.D. 447, 449 (W.D. Tenn. 2008).

8. All of these contested depositions should be conducted at the residence of the respective Remote Defendants. "The deposition of a non-resident defendant should be conducted at the defendant's place of residence." *Steppe v. Cleverdon*, Slip

---

[3] See Footnote 2.

4

Copy, 2007 WL 6831006, *2 (E.D.Ky. 2007), citing *Buzzeo v. Board of Education*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998). *Buzzeo* articulates the presumption in favor of the noticed non-local defendant: "there is good cause for a protective order when a deposition is noticed for a location other than the defendant's place of residence." *Id*. Such presumption applies here in full force: none of the Remote Defendants reside in Lansing, or even close to Lansing, and thus good cause for a protective order is presumed. *Id.*, citing *Chris-Craft Industrial Products, Inc., v. Kuray Company, Ltd.*, 184 F.R.D. 605, 607 (N.D.Ill. 1999).

9. The foregoing presumption is based on the fact that the plaintiff initiated the lawsuit, and thus chose the forum. *Id.*, citing *Morin v. Nationwide Federal Credit Union*, 229 F.R.D. 362, 363 (D.Conn. 2005). Accordingly, plaintiffs are generally required to bear any ""reasonable burdens of inconvenience that the action presents."" *Buzzeo*, 178 F.R.D. at 392 (internal citations omitted).

10. To rebut this presumption of good cause, the plaintiff must come forward and demonstrate "peculiar circumstances" which would warrant a defendant to travel to the forum for the deposition. Such circumstances may include choice of forum, cost, convenience, and litigation efficiency. See *Six West Retail Acquisition v. Sony Theatre Management Corp.*, 203 F.R.D. 98, 107-08. Simply put, only one of these factors applies here to rebut the presumption. Mt. Hope chose the forum, has greater resources and can weather the burden of travel more easily than the Remote Defendants. Efficiency may cut slightly in favor of taking the depositions in Lansing, but this can be accomplished on different dates, in conjunction with defendants' depositions of Mt. Hope. Further, deposition by telephone is far and away the most efficient method, for neither counsel for Mt. Hope nor the undersigned reside in Lansing. *See Six West Retail*, 203 F.R.D at 108

5

(*and see Affidavit of Mark W. Sniderman*, Exhibit B, ¶ 4). Accordingly, the plaintiff cannot rebut the presumption of good cause.

    11.    Counsel for Mt. Hope and the Remote Defendants will have to travel to Lansing next week for the remaining eleven depositions, and no prejudice or expense will result unnecessarily if a protective order is granted setting the location of the depositions of the Remote Defendants.

    12.    For all of the foregoing reasons, Defendants Anton Bollen, Gina Eleyna Wertz and Samuel D. Krueger, pray that the move the Court enter a protective order setting the location of their depositions in their respective residences at a time to be agreed upon by the parties; for the costs and fees associated with preparing this protective order; and for all other appropriate relief just and proper in the premises.

    Respectfully submitted,

    CAPLIN SNIDERMAN P.C.

    *s/ Mark W. Sniderman*
    Mark W. Sniderman
    Atty. No. 26599-49
    11595 N. Meridian St., Ste. 300
    Carmel, IN  46032
    (317) 815-8600 T
    (317) 574-0194 F
    mark@caplinlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was served upon the following distribution list via the United States District Court's electronic transmission service, on the 3rd day of March 2011.

| | |
|---|---|
| Dale Schowengerdt<br>Holly L. Carmichael<br>Alliance Defense Fund (AZ)<br>15100 N 90th St.<br>Scottsdale, AZ  85260<br>Email: dschowengerdt@telladf.org<br>Email: hcarmichael@telladf.org | Karl A. H. Bohnhoff<br>Bohnhoff and Mahoney PLC<br>912 Centennial Way, Ste. 320<br>Lansing, MI 48917<br>Email: Documents@BohnhoffMahoney.com |
| Erik W. Stanley<br>Kevin Hayden Theriot<br>Alliance Defense Fund (KS)<br>15192 Rosewood<br>Leawood, KS 66224<br>Email: estanley@telladf.org<br>Email: ktheriot@telladf.org | |

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was served upon the following distribution list via First Class United States Mail, postage pre-paid, on this 3rd day of March 2011.

| | |
|---|---|
| Kristy Elizabeth Bousquet<br>1714 Robertson Ave.<br>Lansing, MI  48915 | Wendy Renae Debnar<br>1008 Cleveland St.<br>Lansing, MI  48906 |

*s/ Mark W. Sniderman*
Mark W. Sniderman

CAPLIN SNIDERMAN P.C.
11595 N. Meridian St., Ste. 300
Carmel, IN  46032
(317) 815-8600 T
(317) 574-0194 F
mark@caplinlaw.com