UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| MOUNT HOPE CHURCH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09-cv-427 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| BASH BACK!, et al., | ) | |
| | ) | **DISCOVERY ORDER** |
| Defendants. | ) | |
| _____ | ) | |

The court conducted a telephone hearing on all pending discovery motions on March 4, 2011. At the hearing, the court concluded as follows:

The qualified privilege arising from the right of free association applicable in a civil case between private parties does not apply to plaintiff's interrogatories to defendant Field numbered 23 and 24, nor to any deposition question directed to the identity of persons present at or participating in the event that took place on November 9, 2008, at plaintiff's church in Lansing, Michigan, because (1) such inquiries do not seek a list of group members or donors of any organization, (2) defendants have not established a *prima facie* showing that disclosure would infringe First Amendment rights, and (3) under Sixth Circuit authority, a protective order is sufficient to guard any First Amendment interest involved. *See Marshall v. Bramer*, 828 F.2d 355, 360 (6th Cir. 1987). The court further found that plaintiff's interrogatory no. 9 directed to defendant Field is presently irrelevant. Finally, the court determined that defendants Bollen, Wertz, and Krueger

should be deposed in the State of their residence or by remote means, as set forth below. Accordingly, for the reasons set forth more fully on the record:

IT IS ORDERED that plaintiff's motion to compel discovery responses (docket # 154) is GRANTED IN PART AND DENIED IN PART as follows:

A. No later than the date of her deposition, defendant Field shall provide plaintiff's counsel with signed interrogatory answers, subscribed under oath, fully answering interrogatories 23 and 24 of plaintiff's second set of interrogatories. All objections to said interrogatories are hereby OVERRULED.

B. Defendant Field's objection to interrogatory no. 9 is SUSTAINED.

IT IS FURTHER ORDERED that the First Motion for Protective Order by defendant Amy Michelle Field (docket # 159) is hereby DENIED, except for the following restriction: the identity of the individuals disclosed in response to the previous paragraph of this order may be used by plaintiff and its counsel for purposes of the discovery, preparation, trial, and appeal of this case and for no other purpose. Said information must be held in confidence and not disclosed to any third party except as is necessary to discovery, develop, and present facts relevant to this case.

IT IS FURTHER ORDERED that the First Motion for Protective Order by defendants Anton Bollen, Samuel D. Krueger, and Gina Eleyna Wertz (docket # 157) be and hereby is GRANTED. The deposition of defendant Krueger shall take place in the State of North Carolina in connection with the depositions of defendants Major and Regenscheit at a date and time to be agreed upon by counsel. The deposition of defendant Bollen shall be conducted by remote means. *See* FED. R. CIV. P. 30(b)(4). The deposition of defendant Wertz shall take place in the State of Maine or by remote means, at the option of plaintiff.

IT IS FURTHER ORDERED that all defendants must submit to oral deposition before the close of discovery in this case. Counsel are directed to cooperate in good faith to schedule depositions in an expeditious manner. The culpable failure of any defendant to submit to deposition before the close of discovery may result in the imposition of any of the sanctions listed in Fed. R. Civ. P. 37(b), including the entry of a default judgment.

IT IS FURTHER ORDERED that all requests by any party for sanctions are DENIED, the court finding that no party took a position without substantial justification.

DONE AND ORDERED this 4th day of March, 2011.

/s/  Joseph G. Scoville
United States Magistrate Judge